# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DR. MICHAEL B. MORGAN,**  Plaintiff,  v.  **QUEST DIAGNOSTICS INC.,**  Defendant. | Case No. 20–cv–00430–CCC–ESK  **OPINION AND ORDER** |

**KIEL**, UNITED STATES MAGISTRATE JUDGE

**THIS MATTER** having come before the Court on plaintiff's Motion to Seal (ECF No. 27) Exhibit E to plaintiff's brief filed at ECF No. 26–6; and the Motion being unopposed; and the Court having considered the moving papers and finding:

## FINDINGS OF FACT

1. Exhibit E contains a patient's private and personal identifying information, including the patient's date of birth and medical diagnosis.

2. The resolution of the print on Exhibit E is extremely low and it is difficult to see the patient's date of birth and medical diagnosis. The low resolution of the document interfered with the ability of plaintiff's counsel to see the patient's birthdate and medical diagnosis on the document.

3. The disclosure of the personal information would harm the patient's right to keep his/her medical records private.

4. The patient is not a party to this case and did not choose to make his/her private medical records available to the public.

5. Neither the patient's identity nor personal information is relevant to any issue in this matter.

6. There is no prior Order concerning the document or sealing of same.

## CONCLUSIONS OF LAW

1. The public does not have a right of access to the private information that was left unredacted in the document.

2. Private medical information is to be kept private. *See Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001) (right to privacy in one's medical records is clearly recognized); *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980) ("There can be no question that . . . medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection.").

3. Plaintiff also has a legitimate private interest in preventing the inadvertent disclosure of his patient's private and personal identifying information.

4. Plaintiff's request to seal the document is the least restrictive means available and is narrowly tailored to only restrict access to the patient's private and personal identifying information.

5. The disclosure of the patient's private and personal identifying information poses a substantial risk of harm to the non-party patient and, therefore, there is no less restrictive alternative to sealing the document. *See Doe v. Rider Univ.*, No. 16-cv-04882, 2020 U.S. Dist. LEXIS 25708, at *2 (D.N.J. Feb. 4, 2020).

## CONCLUSION AND ORDER

Accordingly,

**IT IS** on this **11th** day of **May 2020 ORDERED** that:

1. The Motion to Seal (**ECF No. 27**) is **GRANTED**. The document at **ECF No. 26-6** is hereby sealed.

2. The Clerk of the Court is directed to terminate the motion at **ECF No. 27**.

                                                 */s/ Edward S. Kiel*
                                                 **Edward S. Kiel, U.S.M.J.**