## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL B. MORGAN,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**QUEST DIAGNOSTICS INC.,**<br><br>    **Defendant.** | **Case No. 20-cv-00430-CCC-ESK**<br><br><br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on defendant's motion to stay discovery (Motion to Stay) (ECF NO. 25); and plaintiff having opposed the Motion to Stay (ECF No. 26); and defendant having filed a reply to plaintiff's opposition (ECF No. 26); and the Court having held a telephone status conference on June 8, 2020 (Conference); and the Court finding:

1.    Plaintiff filed the complaint on January 14, 2020.   (ECF No. 1.)

2.    On March 11, 2020, defendant filed a motion to dismiss (Motion to Dismiss).   (ECF No. 13).   Plaintiff opposed the Motion to Dismiss (ECF No. 21) and defendant filed a reply to the opposition (ECF No. 28).

3.    On March 24, 2020, the Court held an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure (Rules).   (Minute entry after ECF No. 19.)   Prior to the conference, the parties submitted a Joint Proposed Discovery Plan (Plan). (ECF No. 17.)   In the Plan, defendant proposed "no discovery should occur before the Court issues a decision on the motion to dismiss."   (*Id.* ¶ 8(c).)

4.    The Court denied defendant's request to stay discovery pending the resolution of the Motion to Dismiss and entered a Pretrial Scheduling Order (Scheduling Order). (ECF No. 19.) Under the Scheduling Order, fact discovery is to be concluded by September 21, 2020.   (*Id.* ¶ 2.)

5.    Defendant argues discovery should be stayed because: (1) of the ongoing public health crisis relating to COVID-19; (2) it is "on the front lines of

providing essential COVID-19 testing"[1]; and (3) the Court will likely grant its Motion to Dismiss.    (ECF No. 25-1 pp. 11–12.)

6.      This Court has the discretion to stay a proceeding whenever "the interests of justice" mandate "such action."   *United States v. Kordel,* 397 U.S. 1, 12 n.27 (1970).   The Court's authority "to control the disposition of the causes on its docket with economy of time and effort" implicitly carries with it "the power to stay proceedings[.]"   *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In making such a determination, courts "must weigh competing interests" and strive to "maintain an even balance[,]" *id.* at 254–55, mindful that the stay of a civil proceeding constitutes "an 'extraordinary remedy.'"   *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,* 7 F.Supp.2d 523, 526 (D.N.J. 1998).

7.      Generally, the filing of a dispositive motion does not constitute "good cause" under Rule 26(c) to stay discovery.   *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007).

8.      Courts weigh a number of factors in deciding whether to grant a stay of discovery including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a "clear case of hardship or inequity"; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.   *Akishev v. Kapustin*, 23 F.Supp.3d 440, 446 (D.N.J. 2014).

9.      The first factor weighs in favor of denying the Motion to Stay. Although defendant believes there is little chance its Motion to Dismiss will not be granted, plaintiff believes defendant has failed to demonstrate "a clear and unmistakable" likelihood of success on the Motion to Dismiss.   (ECF No. 26 p. 12.)   At this time, the likelihood of success on the Motion to Dismiss is unknown. Plaintiff, in opposition to the Motion to Dismiss, moreover, has argued that certain issues require discovery before resolution.   (ECF No. 21 pp. 15–16.). Also, given the judicial emergency in this District, the resolution of the Motion to Dismiss may be many months away.[2]   Accordingly, the delay in proceeding with discovery would unduly prejudice plaintiff and present a clear tactical disadvantage to plaintiff.

---

[1] No affidavit or declaration has been supplied by a representative of defendant to support this allegation.  Instead, defendant's counsel attached a copy of a "Media Statement" to her "certification."   (ECF No. 25-3 and 25-20.)   Additionally, the certification has an incorrect jurat.   *See* 28 U.S.C. § 1746.   Counsel for both parties are directed to file corrected versions of their declarations with the correct jurat.

[2] The Motion to Dismiss was fully briefed as of April 13, 2020.   *See* ECF No. 14.

10.    The second factor weighs in favor of denying the Motion to Stay because proceeding with discovery will not create a clear case of hardship or inequity.    The only "evidence" of hardship presented by defendant is its "Media Statement" purporting to notify the public of the number of COVID-19 tests it has administered and the backlog of tests.  (ECF No. 25-20.)   The "Media Statement" does not present sufficient evidence that would warrant a finding that defendant cannot proceed with discovery.  At the initial scheduling conference, the Court provided an extended period of time for fact discovery through September 21, 2020.   The Court is mindful of the challenges presented by the ongoing public health crisis and the important testing being administered by defendant.   However, without some evidence and explanation of how the public health crisis prevents defendant from proceeding with any discovery, this factor weighs in favor of denying a stay.   Additionally, defendant will not be prevented from presenting an application to extend the time for discovery as the COVID-19 situation evolves.

11.    The third factor weighs slightly in favor of granting a stay because the resolution of the Motion to Dismiss may simplify the issues and the trial of the case.   However, as set forth above, the likelihood of success of the Motion to Dismiss is unknown and, as expected, the parties strongly disagree about the eventual outcome.  Additionally, during the Conference, plaintiff's counsel advised that he intends to file a motion for leave to file an amended complaint based on additional information he recently discovered, which he believes will obviate the Motion to Dismiss.

12.    The last factor weighs in favor of denying a stay because discovery is not complete and no trial date has been set.

Accordingly,


**IT IS** on this    **8th** day of **June 2020**    **ORDERED** that:

1.    The Motion to Stay Discovery (**ECF No. 25**) is **DENIED**.

2.    The Clerk of Court is directed to terminate the motion at **ECF No. 25**.

3.    Defendant's counsel is directed to file a declaration with a correct jurat for ECF No. 25-3 within 14 days of the entry of this order.   Plaintiff's counsel if directed to file a declaration with a correct jurat for ECF No. 26-1 within 14 days of the entry of this order.

4. A telephone status conference is scheduled for **August 19, 2020 at 2:00 p.m.** before Magistrate Judge Edward S. Kiel. The parties shall file a joint letter, at least three business days before the conference advising of the status of discovery, any pending motions, and any other issues to be addressed.


  */s/ Edward S. Kiel*

**Edward S. Kiel**
**United States Magistrate Judge**

4