**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. MICHAEL B. MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTIC INCORPORATED,<br><br>Defendant. | Civil Action No.: 20-430 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

This matter comes before the Court on Defendant Quest Diagnostic Incorporated's ("Quest" or "Defendant") motion to dismiss. ECF No. 41. The Court has considered all submissions in support of and in opposition to the motion, and decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion to dismiss (ECF No. 41) is granted.

**II.     BACKGROUND**

1.      On January 14, 2020 Plaintiff Dr. Michael B. Morgan ("Plaintiff" or "Morgan") filed a complaint (the "Complaint") in the instant matter. ECF No. 1. By Agreement of the parties, Plaintiff filed an amended complaint (the "Amended Complaint") on July 31, 2020. ECF No. 39. Plaintiff alleges that he was improperly terminated by Quest without good cause on January 27, 2015 and that this improper termination constitutes a breach of the employment agreement (the "Employment Agreement") that existed between Morgan and Quest. Id. at 7. Plaintiff further

alleges that Quest improperly "continued to maintain his likeness and image on their marketing material and website for almost two years" after his termination. Id. at 8. The Amended Complaint contains four counts stemming from the above-mentioned allegations: (1) breach of contract, (2) unauthorized misappropriation of name and likeness under Section 540.08 of the Florida Statutes,[1] (3) violation of the common law right of publicity, and (4) unjust enrichment. Id. at 11–17.

   2. Quest filed a motion to dismiss the Amended Complaint on August 14, 2020. ECF No. 41. Quest argues that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 41-2 at 3. Specifically, Quest argues that Plaintiff has failed to state a claim for breach of contract because he voluntarily resigned, Quest terminated him with cause, and because Plaintiff has not alleged facts that plausibly show the alleged breach of contract caused any damages. Id. at 10, 13, 16. Quest next argues that Plaintiff fails to state a claim for misappropriation of likeness under Florida common law because his claims are time-barred and Plaintiff's likeness was not used to promote a product or service. Id. at 18, 20–21, 23.

   3. Plaintiff filed a brief in opposition to Quest's motion to dismiss. ECF No. 51. Plaintiff argues that Quest has failed to demonstrate that the claims for common law right of publicity and unjust enrichment should be dismissed. In this regard, Plaintiff contends that Quest's reliance on Florida law is improper, and Plaintiff's claims survive under New Jersey law. Id. at 11. As to the breach of contract claim, which the parties agree is governed by Florida law, Plaintiff asserts that he has adequately alleged a breach of contract claim because he alleges the

---

[1] Plaintiff's brief in opposition to the motion to dismiss states that "Morgan consents to dismissal of his Florida statutory misappropriation claim." ECF No. 51 at 8 n.1.

existence of a valid contract, a breach (fired without cause, not given proper written notice of termination), and damages (lost salary and quarterly bonuses). Id. at 14–15, 17. Plaintiff further alleges that he did not resign from Quest until after he was terminated. Id. at 14–15, 17.

4. Quest replied in support of its motion to dismiss (ECF No. 58) and Plaintiff, with permission of the Court, submitted a sur-reply addressing choice of law issues that it contends Quest raised for the first time in its reply brief (ECF No. 64).[2]

### III. ANALYSIS

5. To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertions' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

### Breach of Contract

6. Count One of the Amended Complaint states a claim for breach of contract. ECF No. 39 at 11. The parties agree that this claim is governed by Florida law pursuant to the

---

[2] As the Court has afforded the parties ample opportunity to brief the issues involved in this matter, the Court rejects the various assertions that arguments have been improperly raised or waived in this matter. *See* ECF No. 51 at 10; ECF No. 58 at 17; ECF No. 64 at 1.

Employment Agreement's choice of law provision. ECF No. 41-2 at 14; ECF No. 51 at 8. The elements of a breach of contract claim under Florida law are a valid contract, a material breach, and damages. *Beck v. Lazard Freres & Co. LLC*, 175 F.3d 913, 914 (11th Cir. 1999). Here, the Amended Complaint fails to adequately allege a material breach of the Employment Agreement and damages stemming the alleged breach. The Amended Complaint states that Quest breached the terms of the Employment Agreement by terminating Plaintiff without good cause and by terminating Plaintiff before it served him with a written notice as required by paragraph 14(a). ECF No. 39 at 7–8. The Amended Complaint alternatively alleges that Quest breached the Employment Agreement by not serving Plaintiff with a notice of termination in the manner required by paragraph 24. Id. at 8. With respect to damages, the Amended Complaint states that "[a]s a result of Quest's breach of the Employment Agreement, Morgan has suffered actual and consequential damages exceeding $5,600,000." Id. at 12.

7. The Court notes that the Employment Agreement has provisions that explicitly allowed Quest to terminate Plaintiff with cause (ECF No. 2-1 at 6) and without cause (id. at 9). Accordingly, while the Parties argue at great length over whether Plaintiff was terminated with or without cause, the Court finds that both types of termination were contemplated by the Employment Agreement and cannot qualify as a material breach of said agreement. *See Maor v. Dollar Thrifty Auto. Grp., Inc.*, No. 15-22959, 2018 WL 4698512, at *5 (S.D. Fla. Sept. 30, 2018) ("Defendants' conduct was strictly compliant with the terms of the contract, and Plaintiff was charged the precise amount he agreed to under the contract. There can be no breach.").[3]

---

[3] While the Court need not presently reach the issue of whether Plaintiff's voluntary resignation was effective and pre-dated Quest's termination of Plaintiff, Quest strongly argues that the allegations of the Amended Complaint, along with exhibits attached to the initial pleading in this

8. Similarly, the Amended Complaint states that "Quest purported to terminate Morgan's employment by letter dated January 27, 2015." ECF No. 39 at 8. Paragraph 24 of the Employment Agreement states that "[a]ny required notice under this Agreement and shall be delivered either personally, by reputable overnight courier services or by first class mail, return receipt requested. . . . Delivery of such notice shall be deemed to have occurred . . . in the case of mailing, three (3) days after such notice has been deposited in the United states mails . . . or . . . ***in any other case, when actually received by the other party***." ECF No. 2-1 at 17 (emphasis added. Accordingly, the Court fails to discern how Quest materially breached the Employment Agreement as the Amended Complaint admits that he was notified of his termination by written letter.

9. Turning next to damages, the Court finds that the breach of contract claim in the Amended Complaint is inadequately pled in this respect as well. Under Florida law, "damages for breach of contract must arise naturally from the breach, or have been in contemplation of both parties at the time they made the contract, as a probable result of a breach." *ACG S. Ins. Agency, LLC v. Safeco Ins. Co.*, No. 19-528, 2019 WL 8273657, at *6 (M.D. Fla. Dec. 16, 2019) (internal citations and quotation marks omitted). Here, the Amended Complaint baldly states, without any factual allegations, that "[a]s a result of Quest's breach of the Employment Agreement, Morgan has suffered actual and consequential damages exceeding $5,600,000." The Amended Complaint is silent as to how the alleged breach of contract caused such damages, how Plaintiff arrived at this figure, and what money, if any, Quest paid to Plaintiff after he was terminated. This

---

matter, demonstrate that such resignation was knowing and voluntary. *See* ECF No. 2-4, ECF No. 39 at 8, 11.

unsupported assertion is insufficient to allege damages and provides the Court with an additional basis to dismiss Plaintiff's breach of contract claim. *See Mohamad v. Wells Fargo Bank, N.A.*, No.181386, 2019 WL 2425194, at *9 (M.D. Fla. May 16, 2019), *report and recommendation adopted,* No. 18-1386, 2019 WL 2423638 (M.D. Fla. June 10, 2019) ("Here, Plaintiffs have failed to sufficiently allege damages arising naturally from the breach and, as such, Count IV should be dismissed.").

### Violation of the Common Law Right of Publicity

10. To state a common law claim of misappropriation of name and likeness under Florida law, a plaintiff must allege that "Defendant commercially used the value of Plaintiff's name for commercial, trade, or advertising purposes." *Fuentes v. Mega Media Holdings, Inc.*, 721 F. Supp. 2d 1255, 1260 (S.D. Fla. 2010). To state a common law claim of misappropriation of name and likeness under New Jersey law, "a plaintiff must establish that (1) the defendant appropriated the plaintiff's likeness, (2) without the plaintiff's consent, (3) for the defendant's use or benefit, and (4) damages." *Leibholz v. Hariri*, No. 05-5148, 2011 WL 1466139, at *11 (D.N.J. Apr. 15, 2011). While the parties argue strenuously over whether this claim should be governed by Florida law or New Jersey law, the Court finds that the Amended Complaint fails to state a claim under the law of either state. The Amended Complaint fails to state a claim for misappropriation of name and likeness under the law of either state because it does not plausibly allege facts that show Quest directly used Plaintiff's name or likeness for a commercial purpose and does not plausibly allege what damages Plaintiff suffered from his signature and photograph remaining on Quest documents for some period of time. These pleading deficiencies are fatal under both Florida and New Jersey law. *See, e.g.*, *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316,

1326 (11th Cir. 2006) (affirming denial of statutory and common law misappropriation claims "on the ground that [defendant] did not use [plaintiff]'s image for the purpose of directly promoting a product or service"); *Leibholz*, 2011 WL 1466139, at *11 (dismissing misappropriation claim because damages allegations were "far too speculative to state a cognizable harm resulting from" name and background being listed on website). Accordingly, Plaintiff's claim for misappropriation of name and likeness is dismissed.[4]

**Unjust Enrichment**

11. To state a claim for unjust enrichment under Florida law, a plaintiff must allege "that the plaintiff conferred a benefit on the defendant, who has knowledge thereof; (2) that the defendant voluntarily accepted and retained the benefit conferred; and (3) that the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Spears v. SHK Consulting & Dev., Inc.*, 338 F. Supp. 3d 1272, 1277 (M.D. Fla. 2018) (internal citations and quotation marks omitted). To state a claim for unjust enrichment under New Jersey law, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *Aussie Painting Corp., Plaintiff, v. Allied Painting, Inc. & Fidelity and Deposit Company Of Maryland, Defendants*, No. 20-02677, 2021 WL 960825, at *7 (D.N.J. Mar. 15, 2021) (internal citations and quotation marks omitted). The Amended Complaint asserts that Quest received a benefit upon its use of Morgan's image, likeness, and identity, but as discussed above, the Amended Complaint fails to adequately allege that Quest received a benefit from its use of Plaintiff's name or image. As Plaintiff has not

---

[4] The Court need not, and does not, reach the parties' statute of limitations arguments at this time as the Amended Complaint fails to allege sufficient facts to plausibly state a claim. *See Ianuale v. Borough of Keyport*, No. 16-9147, 2018 WL 5005005, at *13 (D.N.J. Oct. 16, 2018).

plausibly alleged how Quest directly benefited from any asserted misuse of his name or image, or that Quest unjustly received any alleged value through this use, his claim for unjust enrichment must be dismissed. *See, e.g.*, *Sport & Wheat, CPA, PA v. ServisFirst Bank, Inc.*, No. 20-5425, 2020 WL 4882416 (N.D. Fla. Aug. 17, 2020) ("[T]he Court finds that Plaintiff's indirect conferral of a benefit on Defendants is insufficient to satisfy the first element of a claim for unjust enrichment."); *Trusted Transportation Sols., LLC v. Guarantee Ins. Co.*, No. 16-7094, 2020 WL 2111026, at *2 (D.N.J. May 4, 2020) ("The plaintiff must also show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights.").

### IV.    CONCLUSION

12.    For the reasons stated above, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may file a second amended complaint within thirty (30) days of entry of this Opinion that addresses the deficiencies identified in this Opinion.  An appropriate Order accompanies this Opinion.

**DATED:** March 18, 2021

　　　　　　　　　　　　　　　　　　　　　　　　**CLAIRE C. CECCHI, U.S.D.J.**