**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. MICHAEL B. MORGAN,<br>Plaintiff,<br>v.<br>QUEST DIAGNOSTIC INC.,<br>Defendant. | Civil Action No.: 20-cv-430<br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on defendant Quest Diagnostic Inc.'s ("Defendant") motion to dismiss (ECF No. 83) plaintiff Dr. Michael Morgan's ("Plaintiff") Second Amended Complaint (ECF No. 78) pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 78. Plaintiff filed an opposition (ECF Nos. 88, 92), and Defendant replied (ECF No. 90). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion to dismiss is denied in part and granted in part.

## I.     BACKGROUND[1]

The instant action arises out of Defendant's termination of Plaintiff's employment. Plaintiff's operative employment agreement with Defendant signed in November 2012 (the "Employment Agreement") included provisions allowing Defendant to terminate Plaintiff either "for cause" or "without cause." ECF No. 78-1.  Plaintiff alleges that Defendant lacked cause for termination and did not make any severance payments to him, and thus breached the Employment Agreement under both the for cause and without cause provisions.

Plaintiff previously served as the medical director at three laboratories in Georgia and Florida owned and operated by Defendant. ECF No. 78 at 3. In 2014, while Plaintiff served as the

---

[1] The following facts are accepted as true for the purposes of the motion to dismiss.

facilities' medical director, Plaintiff alleges that Defendant informed him it was reducing staff at all Defendant facilities, including those run by Plaintiff, by 15%. ECF No. 78 at 3. Plaintiff disagreed with this decision, believing it was "negligent" and would harm the facilities. *Id.* Plaintiff allegedly expressed his disagreement to Michael Kramer ("Kramer"), Defendant's Vice President. *Id.* Plaintiff stated that the reduction would leave the facilities understaffed, and that, because he believed Defendant's decision to be improper, he would file a complaint with the Florida regulatory authorities responsible for providing credentials to Defendant's facilities. *Id.* at 3–4.

Within six weeks of the 15% staff reduction taking effect, Plaintiff's facilities began misplacing pathology tissue specimens (the "specimens"). *Id.* at 4. Plaintiff alleges that the issues with accounting for the specimens were attributable to the 15% reduction in staff. *Id.* To mitigate the problem, Plaintiff attempted to complete the paperwork associated with maintaining the specimens himself, despite being the medical director, but mistakes at the facilities nevertheless continued. *Id.*

Plaintiff alleges that on January 21, 2015, Kramer asked him to attend a meeting at Defendant's Tampa, Florida offices to discuss the specimens lost at Plaintiff's facilities. *Id.* Plaintiff further alleges that, during that meeting, Kramer blamed Plaintiff for the lost specimens and implied that Plaintiff intentionally caused the accounting problems to justify his concerns over the staff reduction. *Id*. at 5. At the conclusion of the meeting, Kramer placed Plaintiff on paid administrative leave while Defendant further investigated the matter. *Id.*

On January 27, 2015, Defendant's Director of Human Resources, Dana Harbin ("Harbin"), asked Plaintiff to join a conference call with herself and Kramer. *Id.* at 6. On that call, Kramer and Harbin allegedly informed Plaintiff that he was to be terminated without cause. *Id.* Plaintiff alleges

that, after his employment concluded, Defendant continued to use his name, image, and likeness on company reports sent to customers. *Id.* at 6–8.

Plaintiff initiated this action on January 14, 2020. ECF No. 1. On July 31, 2020, Plaintiff filed the First Amended Complaint alleging claims for breach of contract, unauthorized misappropriation of name and likeness, violations to the common law right of publicity, and unjust enrichment. ECF No. 39 at 11–17. This Court subsequently dismissed without prejudice the First Amended Complaint because Plaintiff failed to adequately allege how his termination violated the Employment Agreement and how Defendant received a direct benefit from using Plaintiff's name and likeness after his employment with Defendant ended. ECF No. 75. Thereafter, Plaintiff filed the Second Amended Complaint alleging claims for breach of contract and unjust enrichment. ECF No. 78 at 9–14. Defendant filed this motion to dismiss Plaintiff's claims on May 12, 2021. ECF No. 83. Plaintiff filed an opposition on June 15, 2021 (ECF No. 88), to which Defendant replied on June 29, 2021 (ECF No. 90).

## II.     LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (alteration in original) (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual

3

allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

III.    **DISCUSSION**

The Court finds, as explained further below, that the Second Amended Complaint sufficiently states a breach of contract claim under Counts One and Two. However, Plaintiff's unjust enrichment claim under Count Three is dismissed because Plaintiff fails to adequately allege that he conferred a direct benefit upon Defendant after his employment ended.

a.    **Breach of Contract Claims**

Counts One and Two of the Second Amended Complaint allege claims for breach of contract. ECF No. 78 at 9–11. Plaintiff alleges that he committed no misconduct that would justify termination for cause (*id.* at 10), and that instead Defendant fired Plaintiff for disagreeing with the staff reductions (*id.* at 5). Further, Plaintiff alleges that if he was not terminated for cause, he was improperly terminated without cause because Defendant failed to provide him with a severance payment, as required by the Employment Agreement's without cause provisions. *Id.* at 11–13.

To establish a breach of contract claim under Florida law,[2] a plaintiff must allege:  1) the existence of a valid contract; 2) a material breach of that contract; and 3) damages. *See Curi v. Pershing LLC*, No. 12-20566, 2012 WL 3042998, at *2 (S.D. Fla. July 25, 2012). All three elements are adequately pleaded here.

First, Plaintiff pleads the existence of a valid contract: the Employment Agreement. ECF No. 78-1.

---

[2] The parties agree that this claim is governed by Florida law pursuant to the Employment Agreement's choice of law provision. ECF No. 83 at 16; ECF No. 87 at 9.

Second, Plaintiff alleges facts sufficient to establish that the Defendant materially breached

the Employment Agreement under both the for cause and without cause provisions. Beginning

first with whether Plaintiff was terminated for cause, the Defendant, in its discretion, may

terminate an employee for cause if, *inter alia*, that employee engages in "criminal, unethical,

unprofessional, unlawful, or fraudulent conduct, or conduct which adversely affects the company."

*Id.* at 7. Defendant argues that Plaintiff is at fault for the facilities' lost specimens, and that losing

specimens constitutes conduct justifying termination for cause. ECF No. 91 at 5–6. However,

Plaintiff alleges his conduct was consistent with the terms of the Employment Agreement. ECF

No. 78 at 9.  He alleges that an investigation into his involvement with the lost specimen conducted

by the Florida Board of Medicine found he committed no wrongdoing. *Id.* at 10. Moreover,

Plaintiff alleges that Defendant used the lost specimens as pretext for firing him. ECF No. 78 at 5.

Specifically, he alleges he was terminated for voicing concerns that a 15% reduction in staff would

negatively impact the facilities, and for telling Defendant he was considering filing a complaint to

report Defendant's staffing decision with Florida regulatory authorities. *Id.* at 3–5. Accordingly,

as Plaintiff identifies a specific provision in the Agreement and how Defendant breached it,

Plaintiff sufficiently alleges that he was not terminated for cause. *See Regal v. Butler & Hosch,*

*P.A.*, No. 15-61081, 2015 WL 11198248, at *5 (S.D. Fla. Oct. 8, 2015) (finding that a plaintiff

adequately alleged breach by describing the contract provisions at issue and how they were

violated).

Turning next to whether Plaintiff was terminated without cause, Paragraph 14(c) of the

Employment Agreement states that Defendant may, in its "sole and absolute discretion," terminate

an employee without cause but that an employee terminated without cause is entitled to a

separation agreement and pay in "an amount equal to the Employee's salary for a period of one

year . . . following the Termination Date." ECF No. 78-1 at 9. Plaintiff alleges that he received no compensation from Defendant as required by the without cause section of the Agreement. ECF No. 78 at 13. Thus, because he has pleaded a specific contractual provision and how it was breached, Plaintiff has adequately alleged that Defendant breached the Employment Agreement's without cause provisions. *See Regal*, 2015 WL 11198248, at *5; *Cornett v. Lender Processing Servs., Inc.*, No. 12-cv-233, 2013 WL 4780065, at (M.D. Fla. Sept. 5, 2013) (determining that a breach may occur when a defendant terminated its employee without cause and did not make severance payments, as required by the governing employment contract).

Third, Plaintiff adequately alleges damages, because he claims that, as a result of Defendant's breach, he suffered monetary damages, including the loss of one year's salary to which he was entitled under a without cause termination. ECF No. 78 at 13.

Accordingly, while the parties dispute under which provision Plaintiff was terminated, Plaintiff has nevertheless stated a claim for breach of contract, and the motion to dismiss Counts One and Two is denied. [3]

### b. Unjust Enrichment Claim

Under Count Three, Plaintiff asserts an unjust enrichment claim. The parties agree that New Jersey law governs Plaintiff's unjust enrichment claim. ECF Nos. 83 at 3, 87 at 12. To state

---

[3] In his Opposition, Plaintiff notes that paragraph 59 of the second amended complaint should use the word "termination" instead of "resignation." ECF No. 87 at 21–23. Defendant argues that this is an admission that Plaintiff resigned from his position, and thus he cannot sustain a breach of contract claim. ECF No. 83 at 16. The Third Circuit prefers that a claim "be decided on the merits rather than on technicalities." *Dole v. Arco. Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Faced with an error such as the one here, courts have interpreted the erroneous term in its context. *See Speakman v. Williams*, No. 18-1252, 2020 WL 109073, at *4 n.7 (D. Del. Jan 9, 2020); *Treusch v. Ctr. Square Supermarket, LLC*, 921 F. Supp. 2d 336, 345 n.1 (D.N.J. 2013). Accordingly, based on the context of Plaintiff's Second Amended Complaint, this Court construes "resignation" to be read as "termination."

a claim for unjust enrichment under New Jersey law, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *Aussie Painting Corp. v. Allied Painting, Inc. et al.*, No. 20-02677, 2021 WL 960825, at *7 (D.N.J. Mar. 15, 2021) (internal citations and quotation marks omitted). Further, New Jersey law requires that a plaintiff confers a direct benefit on the defendant. *See Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 459 (D.N.J. 2012).

In its first Opinion, this Court dismissed Plaintiff's unjust enrichment claim without prejudice because Plaintiff did not "plausibly allege[] how [Defendant] directly benefited from any asserted misuse of his name or image, or that Quest unjustly received any alleged value through this use." ECF No. 75 at 8. Here, the deficiencies the Court identified in the First Amended Complaint remain. Plaintiff again alleges that Defendant used Plaintiff's name or likeness on its reports after his employment ended, allowing Defendant to continue to operate Plaintiff's facilities while it searched for his replacement and to generate revenue earned from these reports.[4] ECF No. 78 at 13–14. However, like the First Amended Complaint, the Second Amended Complaint does not allege how the asserted misuse of Plaintiff's name or likeness directly caused customers to pay for Defendant's services or conferred on Defendant any value to which it otherwise was not entitled. Courts find that no direct relationship exists for unjust enrichment purposes when the alleged benefit from the plaintiff only induces payments by a third-party. *See Cannon v. Comm. Components, Inc.*, No. 20-1626, 2020 WL 6194036, at *7 (D.N.J. Oct. 22, 2020) (finding allegations that plaintiff conferred services upon defendant, which generated revenue for defendant

---

[4] The Court also notes that in his Opposition Plaintiff has not cited any authority in support of his position that Defendant's use of his name and likeness constituted a direct benefit. ECF No. 87 at 21.

did not support an unjust enrichment claim). Accordingly, Defendant's motion to dismiss the unjust enrichment claim is granted.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss the Second Amended Complaint is denied in part and granted in part. Plaintiff's unjust enrichment claim is dismissed without prejudice. Plaintiff may file a third amended complaint within thirty (30) days of entry of this Opinion that addresses the deficiencies identified in this Opinion. An appropriate Order accompanies this Opinion.

DATED:  December 21, 2021

s/ Claire C. Cecchi

**CLAIRE C. CECCHI, U.S.D.J.**